THE STATE, EX REL. JONES & LAUGHLIN STEEL CORP., *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 84AP-620 — Decided
September 26, 1985.)

*Manchester, Bennett, Powers & Ullman Co., L.P.A., Thomas J. Travers, Jr.,* and *Joseph R. Young,' Jr.,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson, Michael Squillace* and *Q. Albert Corsi,* for respondent Industrial Commission.

*Tablack, Wellman & Jeren, John A. Jeren, Jr.,* and *Gary Zamary,* for respondent Ernesto Rosado.

WHITESIDE, J. Pursuant to Civ. R. 53 and Section 13 of Loc. R. 11 of this court, this original action in mandamus was referred to a referee, who rendered his report recommending that the requested writ of mandamus be denied.

Relator-employer, Jones & Laughlin Steel Corporation, filed objections to the referee's report contending:

"1. The Referee erred, as a matter of law, in finding that the C-84 forms submitted by Dr. Morrison constituted 'some evidence' supporting the order of the Industrial Commission affirming an award of temporary total disability benefits in the instant action.

"2. The Referee erred, as a matter of law, in finding that the Respondent-Claimant's voluntary retirement from the work force did not preclude an award of temporary total disability benefits in the instant action."

As to the first objection, whether the medical evidence reasonably permits a finding by respondent Industrial Commission that the claimant Ernesto Rosado (respondent herein) is temporarily totally disabled within the meaning of R.C. 4123.56, the referee correctly reviewed the evidence and the applicable law, and we adopt his report.

Although the report of Dr. Morrison might also support a finding that claimant is permanently and totally disabled, it most certainly supports a finding that the claimant is unable to perform the duties of his former position of employment. We do not understand relator to contend that respondent Industrial Commission should have awarded the claimant permanent total disability compensation, which the evidence also would support. Rather, we understand relator's position to be that the claimant should be awarded no compensation, despite the medical evidence that he is totally disabled from his industrial injury, based upon a contention that the temporary disability has become permanent in that claimant, in all probability, will never be able to return to his former position of employment. We do note that the medical evidence submitted by relator-employer indicated that claimant was not totally disabled but, instead, has sustained only a sixty percent permanent partial disability as a result of the industrial injury. That report also noted that claimant has not worked since his industrial injury and that he has been on regular pension since May 1, 1982.

The second objection raised by relator poses a more vexing issue. As noted above, the medical report submitted by relator states that the claimant has been on a regular pension since May 1, 1982. Relator contends that claimant's voluntary retirement from the work force precludes an award of temporary total disability benefits, even though the claimant may otherwise be eligible therefor.

The syllabus of *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630 [23 O.O.3d 518], defines "temporary total disability" as "a disability which *prevents* a worker from returning to his former position of employment." (Emphasis added.) Thus,

the industrial injury must not only be such as to render the claimant unable to perform the functions of his former position of employment, but it also must prevent him from returning to that position. Accordingly, the issue before us is whether a person who has voluntarily taken himself out of the work force and abandoned any future employment by voluntarily retiring is prevented from returning to his former position of employment by an industrial injury which renders him unable to perform the duties of such former position. This raises an issue of causal relationship.

Relator's argument is to the effect that even if claimant were able to perform the duties of his former employment, he would not return to that position since he has retired or, in other words, has abandoned that position. The court in *Ramirez* recognized the possibility than an employee might abandon his former position of employment by indicating that temporary total disability compensation may be terminated when an employee has returned to work, without limitation as to whether the return to work was to the former position of employment. We find that the same result must ensue from a voluntary retirement.

Accordingly, one who has voluntarily retired and has no intention of ever returning to his former position of employment is not prevented from returning to that former position by an industrial injury which renders him unable to perform the duties of such former position of employment. A worker is prevented by an industrial injury from returning to his former position of employment where, but for the industrial injury, he would return to such former position of employment. However, where the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continued temporary total disability

benefits since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment. Such action would include such situations as the acceptance of another position, as well as voluntary retirement.

Accordingly, we reject that portion of the referee's report pertaining to the effect of voluntary retirement and find that voluntary retirement may preclude a claimant from receiving temporary total disability benefits to which he otherwise might be entitled, if by such retirement the claimant has voluntarily removed himself permanently from the work force. This is to be distinguished from the effect of retirement upon partial disability compensation pursuant to R.C. 4123.57 which may, in appropriate circumstances, continue despite retirement.

Even though we have reached the conclusion that voluntary retirement may be a basis for denying continued payment of temporary total disability compensation where the claimant by such retirement has voluntarily removed himself from the work force, relator has not demonstrated an abuse of discretion by respondent Industrial Commission in this case.

Although the fact of claimant's retirement is referred to in relator's medical evidence and in the handwritten notes of the district hearing officer, we find no indication that relator urged voluntary retirement as a basis for denial of temporary total disability benefits in its appeal to respondent Industrial Commission. Rather, the Industrial Commission file contains a paper apparently submitted concurrently with relator's medical evidence, which paper is labelled, "Memorandum in Support of Employer's Appeal of the Regional Board's Order of Oct. 21, 1983," and reads in its entirety, as follows:

"The Employer believes that no compensation shall be awarded in this

claim under 4123.56 inasmuch [as] there is no medical evidence that supports a claim for Temporary Total Compensation. All of the supporting medical reports state that the claimant's disability is of a permanent nature."

We are unable to find that respondent Industrial Commission abused its discretion by failing to consider and determine an issue that was not presented to it. We find nothing in the evidence to indicate that relator did, in fact, bring this issue to the attention of respondent Industrial Commission and seek a determination as to whether claimant's voluntary retirement precluded him from receiving further temporary total disability compensation. Of course, relator may make such an application for determination by respondent Industrial Commission. However, we cannot find an abuse of discretion for failure of the respondent Industrial Commission to initiate such an issue under the circumstances of this case.

For the foregoing reasons, the report of the referee is adopted in part and disapproved in part, and the court has made its own finding; and, predicated thereon, the requested writ of mandamus is denied.

*Writ denied.*

McCORMAC, J., concurs.

MOYER, J., dissents.

MOYER, J., dissenting. I dissent from the opinion of the majority because I would apply the law stated in the majority opinion, with which I agree, to the facts of this case. As the majority observes, there is a reference in the notes of the district hearing officer and in one of the medical reports to Rosado's permanent retirement from his position with relator. In view of our statement of the law to be that a worker who has voluntarily retired and has no intention of returning to his former position of employment is not entitled to continued temporary total disability benefits, I would grant the writ for the purpose of ordering the Industrial Commission to consider Rosado's retirement in view of our statement of the law which the Industrial Commission did not have when it considered relator's appeal of the Regional Board of Review's order.