THE STATE, EX REL. ROCKWELL INTERNATIONAL, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; SHARP, APPELLANT.

[Cite as State, ex rel. Rockwell Internatl., *v.* Indus. Comm. (1988), 40 Ohio St. 3d 44.]

(No. 87-1019—Submitted August 19, 1988—Decided December 14, 1988.)

*Vorys, Sater, Seymour & Pease, Thomas M. Taggart* and *James J. Hughes III,* for appellee.

*Larrimer & Larrimer* and *Craig Aalyson,* for appellant.

*Per Curiam.* In *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus. Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451, the court of appeals held that voluntary retirement may be a basis for denying continued payment of temporary total disability compensation "where the claimant by such retirement has voluntarily removed himself from the work force * * *." *Id.* at 147, 29 OBR at 164, 504 N.E. 2d at 454. In the case at bar, we are asked to determine whether an injury-induced retirement is "voluntary" so as to preclude a claimant's eligibility for temporary total disability benefits. We find that it is not.

In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, we defined "temporary total disability" as a "disability which prevents a worker from returning to his former position of employment." *Id.* at syllabus. Relying on that definition, the appellate court, in *Jones & Laughlin, supra,* reasoned that "* * * where the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continued temporary total disability benefits since it is his own action, rather than the industrial injury, which prevents his returning to his former position of employment." *Id.* at 147, 29 OBR at 164, 504 N.E. 2d at 454.

We adopted this rationale in *State, ex rel. Ashcraft,* v. *Indus. Comm.* (1987), 34 Ohio St. 3d 42, 517 N.E. 2d 533, finding the crux of *Jones & Laughlin* to be: "* * * recognition of the two-part test to determine whether an injury qualified for temporary total disability compensation. The first part of this test focuses upon the disabling aspects of the injury, whereas the latter part determines if there are any factors, other than the injury, which would prevent the claimant from returning to his former position. The secondary consideration is a reflection of the underlying purpose of temporary total compensation: to compen-

sate an injured employee for the loss of earnings which he incurs while the injury heals." *Id.* at 44, 517 N.E. 2d at 535.

Neither *Ashcraft* nor *Jones & Laughlin* states that *any* abandonment of employment precludes payment of temporary total disability compensation; they provide that only voluntary abandonment precludes it. While a distinction between voluntary and involuntary abandonment was contemplated, the terms until today have remained undefined. We find that a proper analysis must look beyond the mere volitional nature of a claimant's departure. The analysis must also consider the reason underlying the claimant's decision to retire. We hold that where a claimant's retirement is causally related to his injury, the retirement is not "voluntary" so as to preclude eligibility for temporary total disability compensation.

Our view is accurately reflected in *State, ex rel. Dalton,* v. *Indus. Comm.* (Apr. 7, 1987), Franklin App. No. 85AP-1025, unreported, which held:

"A disability determination does not hinge on the resolution of whether a claimant resigned or was involuntarily removed from her position. Instead, the determination rests on whether the fact that relator left her employment was causally connected to her injury. * * * Accordingly, where * * * the Industrial Commission determines that a claimant has not left a former position of employment due to a work-related injury, it may properly deny an award of temporary total disability." (Citation omitted.) *Id.* at 4-5.

This broader focus takes into consideration a claimant's physical condition. It recognizes the inevitability that some claimants will never be medically able to return to their former positions of employment, and thus dispenses with the necessity of a claimant's remaining on the company roster in order to maintain temporary total benefit eligibility.

The determination of disputed factual situations is within the final jurisdiction of the commission, subject to correction by mandamus only upon a showing of an abuse of discretion. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41. There has been no abuse of discretion, however, where the record contains some evidence to support the commission's decision. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Having defined "voluntary" retirement, we must now determine whether there is "some evidence" to support the commission's determination that appellant did not voluntarily retire.

The commission relied primarily on three pieces of evidence: (1) the statement of the plant personnel officer indicating that appellant tried to return to a job with lighter duties, but none was available; (2) appellant's ability to continue to work, following a heart-bypass operation, until his industrial injury; and (3) the May 16, 1984 report of commission specialist Dr. Rogelio Sanchez, who found it highly improbable that appellant would ever return to substantially remunerative employment. We hold the above constitutes "some evidence" supporting the commission's determination that appellant's retirement was causally related to his industrial injury and thus was not "voluntary."

Further, we also hold that Dr. Salinas' letters of March 26, 1982, April 8, 1982 and April 15, 1982 constitute "some evidence" in support of the temporary total disability compensation award. These reports indicate a light-duty work restriction on appellant with no lifting to be over twenty-five pounds, as a result of the allowed conditions. The weight ap-

pellant was required to lift, however, far exceeded this restriction. Where restrictions preclude a claimant from returning to some aspect of his former job, they cannot be relied on as some evidence indicative of an ability to return to the former position of employment. See *State, ex rel. Evans,* v. *Pepsi Cola Bottling Co.* (1986), 22 Ohio St. 3d 116, 22 OBR 196, 489 N.E. 2d 792.

The commission's determination that appellant had not voluntarily retired and had established an entitlement to temporary total disability compensation is supported by some evidence. Accordingly, the judgment of the appellate court is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in the syllabus and judgment only.