THE STATE, EX REL. GENERAL AMERICAN TRANSPORTATION CORP., APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; FERRY, APPELLANT.

[Cite as State, ex rel. General American Transp. Corp., *v.* Indus. Comm. (1990), 48 Ohio St. 3d 25.]

(No. 88-1211—Submitted October 17, 1989—Decided January 10, 1990.)

*Dennis C. Belli* and *David P. Rieser,* for appellee.

*Larrimer & Larrimer* and *Craig Aalyson,* for appellant.

*Per Curiam.* Temporary total disability exists when a claimant's allowed conditions cause a disability that prevents a return to the former position of employment. *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 2d 518, 433 N.E. 2d 586. Appellee essentially proposes two reasons why retirement negates temporary total compensation eligibility: (1) retirement is tantamount to a declaration that a claimant's condition has become permanent, and (2) retirement breaks the causal relationship between a claimant's inability to return and the industrial injury. We disagree.

In its initial contention, appellee reasons that retirement permanently prevents a return to claimant's former position of employment. "Permanency," however, is not defined within that context. In *Vulcan Materials Co.* v. *Indus. Comm.* (1986), 25 Ohio St. 3d 31, 33, 25 OBR 26, 27, 494 N.E. 2d 1225, 1227, we held that:

"The commission's designation of a disability as permanent relates solely to the perceived longevity of the condition at issue. It has absolutely no bearing upon the claimant's ability to perform the tasks involved in his former position of employment."

We then defined "permanent" as a:

"[C]ondition which will, '* * * with reasonable probability, continue for an indefinite period of time without any present indication of recovery therefrom.' " *Id.*

A claimant's permanent inability to return to his former position of employment does not mean the claimant's medical condition will not improve. Appellee's argument is thus unpersuasive.

Appellee also asserts that a retired claimant cannot be temporarily and totally disabled since it is the claimant's own act of retirement, not the industrial injury, that bars a return to the former job. We concur only with respect to claimants who *voluntarily* retire. See *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus. Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451; *State, ex rel. Ashcraft,* v. *Indus. Comm.* (1987), 34 Ohio St. 3d 42, 517 N.E. 2d 533; *State, ex rel. Rockwell Internatl.,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 44, 531 N.E. 2d 678. The "voluntary" nature of retirement is a disputed factual question within the commission's final jurisdiction. *Rockwell, supra.*

The present commission order does not address the retirement issue. Because the commission improperly overlooked this element in awarding temporary total compensation, the appellate court correctly vacated the commission's order. However, we also find that the lower court erred in entering an order denying compensation.

First, resolution of disputed fac-

tual matters rests with the commission. Second, the appellate court's discussion of the retirement issue does not appear to address the element of volition. While its opinion does cite *Jones & Laughlin, supra,* the present appellate court at no point qualifies its reference to claimant's retirement with the term "voluntary." Indeed, the appellate court's denial merely stated:

"Claimant retired on November 1, 1984, and is therefore precluded from recovering temporary total disability benefits * * *."

Again, retirement *per se* does not preclude temporary total compensation, only that which is voluntary.

Accordingly, we affirm that portion of the appellate court's judgment vacating the commission's award of compensation. We reverse that portion of the judgment denying compensation and remand the cause to the commission for further proceedings on the question of temporary total compensation and retirement.

*Judgment affirmed in part,
reversed in part and
cause remanded.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.