DECISION
{¶ 1} General Mills, Inc., ("General Mills") filed this action in mandamus seeking a writ which compels the Industrial Commission of Ohio ("commission") to vacate its order granting temporary total disability ("TTD") compensation to Donald J. Kolodziej.
{¶ 2} In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated the pertinent evidence and filed briefs. The magistrate then issued a magistrate's decision which includes a recommendation that we deny the request for relief. (Attached as Appendix A.)
{¶ 3} Counsel for General Mills has filed objections to the magistrate's decision. Counsel for the commission has filed a memorandum in response. The case is now before the court for review.
{¶ 4} Mr. Kolodziej fractured his right patella and his left humerus on September 29, 2000. He has not been able to return to his former job with General Mills since then, but did work in a light duty program his employer offered.
{¶ 5} In February of 2001 and March of that same year, General Mills laid off most of its workforce during a plant shutdown. Mr. Kolodziej was one of those who was laid off.
{¶ 6} Mr. Kolodziej filed a C-86 requesting payment of TTD compensation during the layoffs. A district hearing officer and a staff hearing officer, each in turn, granted the compensation. General Mills then initiated this action in mandamus arguing that Mr. Kolodziej was not entitled to TTD compensation because his loss of wages was due to factors other than his injuries.
{¶ 7} The magistrate appropriately rejected the argument based upon the case of State ex rel. B.O.C. Group, General Motors Corp. v. Indus. Comm. (1991), 58 Ohio St.3d 199.
{¶ 8} General Mills also argues that because some employees were not laid off due to the fact that they had seniority over Mr. Kolodziej, Mr. Kolodziej's lack of work was due to seniority and therefore he was barred from receiving TTD compensation. The magistrate correctly rejected this argument on a number of grounds.
{¶ 9} We overrule the objections to the magistrate's decision. We adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we deny the requested relief.
Objections overruled; writ denied.
PETREE and DESHLER, JJ., concur.
 APPENDIX A IN MANDAMUS
Relator, General Mills, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Donald J. Kolodziej ("claimant") and ordering the commission to find that claimant is not entitled to TTD compensation.
Findings of Fact:
1. Claimant sustained a work-related injury on September 29, 2000, and his claim has been allowed for: "Fracture right patella; fracture left humerus."
2. Claimant was unable to return to his former position of employment as a result of these injuries.
3. Relator, which has a light duty program, placed claimant in a light duty position according to his restrictions. The job involved the claimant sitting in a wheelchair doing right-handed work only, and the employer had provided taxi service to and from work.
4. Claimant was laid-off from his employment with relator from February 8, 2001 to February 19, 2001 and again from March 12, 2001 to March 26, 2001, due to a plant shutdown. The employer laid-off the majority of its workforce during these time periods.
5. Claimant filed a C-86 with the employer requesting the payment of TTD compensation for the weeks that he was laid-off due to the plant shutdown.
6. By letter dated April 11, 2001, relator, a self-insured employer, denied claimant's request for TTD compensation.
7. On April 13, 2001, claimant filed the same C-86 motion with the commission seeking the payment of TTD compensation.
8. Claimant's motion was heard before a district hearing officer ("DHO") on May 16, 2001, and resulted in an order granting him TTD compensation from February 8, 2001 to February 19, 2001 and from March 12, 2001 to March 26, 2001. The DHO noted that the fact that relator had laid claimant off as part of a general layoff was irrelevant since claimant was unable to return to his former position of employment and had not reached maximum medical recovery.
9. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on August 9, 2001. The SHO modified the prior DHO order and granted claimant's request for TTD compensation as follows:
 The employer has a light duty program and had placed claimant in a job within his severe restrictions. The job essentially involved claimant sitting in a wheelchair doing right hand work only, and the employer provided taxi service to and from work.
 The employer laid-off almost the entire workforce from 02/08/2001 to 02/19/2001; and from 03/12/2001 to 03/26/2001. Claimant was one of the workers who was laid-off.
 The facts and medical evidence reveal that the claimant was unable to return to the former position of employment and was not at maximum medical recovery.
 The claimant requests temporary total disability compensation for the periods noted above. The employer disputes temporary total disability compensation contending that the claimant's time away from work was due to an economic lay-off, not the instant injury.
 Based on the facts and medical evidence, the claimant has established entitlement to temporary total disability compensation. He was clearly unable to return to work to the former position of employment. He was clearly not at maximum medical recovery. The claimant did not refuse a good faith offer of employment. The claimant, thus, is entitled to temporary total disability compensation for the above periods of time as a matter of law.
 Therefore, it is the order of this Staff Hearing Officer to GRANT payment of temporary total disability compensation from 02/08/2001 through 02/19/2001. Claimant returned to work on 02/20/2001. GRANT payment of temporary total disability compensation from 03/12/2001 through 03/26/2001. Claimant returned to work on 03/27/2001. Pay temporary total disability compensation less any unemployment compensation benefits and/or sick and accident benefits that may have been paid over the same periods of time.
10. Relator's further appeal was refused by order of the commission mailed September 7, 2001.
11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
Relator's argument focuses on two contentions: (1) claimant is not eligible to receive TTD compensation because he was working in a light duty position but was temporarily laid-off due to a plant shutdown; and (2) claimant is not entitled to TTD compensation because he was laid-off pursuant to the seniority provisions of a collective bargaining agreement. For the following reasons, this magistrate finds that the commission did not abuse its discretion in awarding claimant TTD compensation.
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Specifically, R.C. 4123.56(A) provides, in pertinent part, as follows:
 * * * Payments shall continue pending the determination of the matter, however payment shall not be made for the period when any employee has returned to work, when an employee's treating physician has made a written statement that the employee is capable of returning to the employee's former position of employment, when work within the physical capabilities of the employee is made available by the employer or another employer, or when the employee has reached the maximum medical improvement. Where the employee is capable of work activity, but the employee's employer is unable to offer the employee any employment, the employee shall register with the director of job and family services, who shall assist the employee in finding suitable employment. * * *
It is undisputed that claimant was not able to return to his former position of employment during the time periods for which he sought TTD compensation. It is also undisputed that claimant had not reached maximum medical improvement during the two time periods for which he sought TTD compensation. Instead of paying TTD compensation to claimant when he was unable to return to his former position of employment, relator was able to make work available for claimant within his restrictions. However, during the two time periods at issue, relator was unable to make work available to claimant as relator had temporarily laid-off the majority of its employees. As such, from a medical standpoint, claimant was still entitled to TTD compensation. However, relator contends that, inasmuch as relator laid-off the majority of its employees, claimant is not currently suffering a loss of wages where his injury prevents a return to the former position of employment, but a loss of wages because of the layoff.
In State ex rel. B.O.C. Group, General Motors Corp. v. Indus. Comm. (1991), 58 Ohio St.3d 199, the claimant had been laid-off from her employment and the employer argued that the layoff precluded payment of compensation for temporary total disability. The court noted this court's decision in State ex rel. Jones Laughlin Steel Corp. v. Indus. Comm. (1985), 29 Ohio App.3d 145, and focused on this court's holding that an employee is prevented by the industrial injury from returning to his former position of employment where, but for the industrial injury, the employee would return to such former position of employment. However, where the employee has taken action that would preclude his returning to his former position of employment, even if he were able to do so, he is not entitled to continue TTD compensation since it is his own action, rather than the industrial injury, which prevents his returning to such former position of employment. The court concluded that a mass layoff did not bar the payment of TTD compensation and that the lack of a causal connection between the termination and the injury has no bearing where the employer had laid-off the claimant. B.O.C. Group, at 200.
Relator attempts to get around this holding by distinguishing the layoff in the present case as "temporary" whereas a layoff in the B.O.C. Group case was indefinite. However, this distinction is irrelevant especially in light of the fact that the claimant in the B.O.C. Group case had been reinstated as an employee during the appeal process. The court noted that while the claimant's reinstatement may bear on the question of whether she had abandoned her employment, it did not negate the layoff as a factor preventing her return to work during the claimed period of disability which was unrelated to the accident.
Furthermore, in L.K. Comstock, Inc. v. Indus. Comm. (1989), Franklin App. No. 88AP-200, this court concluded that the claimant's layoff did not prevent the claimant from receiving TTD compensation. This court specifically stated as follows:
 However, in contrast with a claimant's voluntarily retiring from employment, relator's employer's actions, not his own, preclude him from returning to work, regardless of his physical capabilities. Cf. State ex rel. Rockwell International v. Indus. Comm. (1988), 40 Ohio St.3d 44. Indeed, were we to accept respondent's position, an employer could circumvent the award of temporary total benefits to a disabled employee by simply laying the employee off from the work force during his period of disability.
As such, relator's first argument is not well taken.
Relator also contends that claimant should not be entitled to TTD compensation during the requested time periods because he was laid-off pursuant to the seniority provisions of the collective bargaining agreement. Relator cites Jones Laughlin Steel Corp., and asserts that claimant's consent to be bound by the terms of a collective bargaining agreement constitutes action which he has taken which precludes his returning to his former position of employment, even if he were able to do so, rather than the industrial injury preventing his return to his former position of employment. This magistrate disagrees.
First, it is noted that there is no copy of the collective bargaining agreement in the record so it is impossible to determine whether claimant had waived his right to receive TTD compensation during the scheduled mass layoff. However, even if claimant had done so, the provision itself would be invalid as a matter of law. R.C. 4123.80 specifically provides that, "[n]o agreement by an employee to waive his rights to compensation under this chapter is valid." Two exceptions are noted to the statute; however, neither one of them applies to the facts of the present case. As such, this argument of relator lacks merit as well.
Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion by awarding TTD compensation to claimant during the time period when claimant was laid-off from his employment with relator, and this court should deny relator's request for a writ of mandamus.