DECISION
{¶ 1} Relator, Findlay Industries, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order which granted temporary total disability compensation to respondent-claimant, and to enter a new order which properly addresses the issue of voluntary abandonment of the former position of employment.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that the commission had abused its discretion and that this court should grant the requested writ.
 {¶ 3} Respondent-claimant filed an objection to the decision of the magistrate rearguing the issue of voluntary abandonment of the former position of employment. For the reasons stated in the decision of the magistrate, the objection is overruled.
 {¶ 4} Following independent review, pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the decision of the magistrate, we hereby issue a writ of mandamus ordering the commission to issue a new order, applying the proper analysis to the facts to determine whether respondent-claimant abandoned his former position of employment and is thereby precluded from receiving temporary total disability compensation.
Objection overruled; writ of mandamus granted.
BRYANT and KLATT, JJ., concur.
 IN MANDAMUS {¶ 1} Relator, Findlay Industries, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted temporary total disability ("TTD") compensation to respondent Jay Crowe ("claimant") and to issue a new order which applies the proper standard concerning whether claimant voluntarily abandoned his former position of employment with relator.
Findings of Fact:
 {¶ 2} 1. Claimant sustained a work-related injury on April 3, 2000, and his claim was certified by relator, a self-insured employer, for the following conditions: "[f]racture phalanx left third finger; fracture phalanx left fourth finger; fracture phalanx left fifth finger."
 {¶ 3} 2. Claimant received TTD compensation through April 30, 2000.
 {¶ 4} 3. Claimant's treating physician, Dr. Martin Skie, completed a C-84 dated April 17, 2000, indicating that claimant was not able to return to his former position of employment. However, Dr. Skie indicated that claimant could perform one-handed work as of May 1, 2000.
 {¶ 5} 4. The record contains the May 30, 2000 letter from the Director of Claims Management for relator indicating that relator had spoken with claimant on April 28, 2000, and explained that relator had one-handed work available for claimant. Apparently claimant indicated that he was not able to drive, that he had physical therapy appointments he needed to attend, and that he might not be able to work around heavy equipment. Relator responded that they would arrange to pick claimant up and take him home, drive him to and from his physical therapy appointments, and that relator would place him in an office environment if necessary. Relator submitted six one-handed jobs which they had made available to claimant.
 {¶ 6} 5. The record contains a June 2, 2000 letter which relator sent to claimant indicating that relator had spoken with Dr. Skie's office on June 1, 2000, to confirm that claimant could return to one-handed work. The letter indicates that claimant is expected to return to work and that his job is in jeopardy. Relator again reiterated its willingness to pick claimant up for work and that continued failure to return to work would accumulate under relator's attendance policy. Relator attached a copy of the attendance rules and informed claimant that it did not have a doctor's slip covering any future absence from work.
 {¶ 7} 6. By letter dated June 6, 2000, relator terminated claimant from his employment because he failed to report for work, call in or provide a medical excuse on five consecutive occasions.
 {¶ 8} 7. On July 11, 2001, claimant filed a motion requesting TTD compensation, the authorization of medical equipment, supplies and services.
 {¶ 9} 8. Claimant's application was heard before a district hearing officer ("DHO") on August 8, 2001. The DHO authorized surgery but denied the requested period of TTD compensation from the date last paid (April 30, 2000) through March 3, 2001 as follows:
 {¶ 10} "The District Hearing Officer finds that the claimant abandoned his employment and is barred from receiving temporary total disability compensation in this claim pursuant to the Louisiana-Pacific [Corp. v. Indus. Comm. (1995), 72 Ohio St.3d 401], decision of the Ohio Supreme Court.
 {¶ 11} "The District Hearing Officer finds that the claimant was terminated in June 2000 for failure to report to work, call in or provide a medical excuse on five (5) consecutive occasions. The District Hearing Officer finds that the claimant testified at hearing that he was aware of the company policy that five (5) no call/no shows would lead to his termination.
 {¶ 12} "The District Hearing Officer finds that the 06/02/2000 letter from the employer, Findlay Industries, to the claimant, which claimant admits receiving, further supports the position that the claimant was aware that his failure to return to work would lead to his termination. The District Hearing Officer specifically finds that the employer provided the claimant with a written offer of light duty employment within the one-handed work restriction commencing 05/01/2000 as provided by Dr. Skie in a 04/17/2000 C-84. The District Hearing Officer finds that the employer did everything possible to accommodate the claimant, even offering to provide transportation to and from work and physical therapy appointments.
 {¶ 13} "Despite the employer's efforts to accommodate the claimant's restrictions, the claimant failed to return to work in May or June 2000 and failed to seek medical treatment for the allowed conditions from May 2000 through 11/21/2000.
 {¶ 14} "Based upon the foregoing, the District Hearing Officer finds that the claimant abandoned his employment by violating a known written work rule which he testified at hearing that he was aware would lead to his termination.
 {¶ 15} "Pursuant to the Louisiana-Pacific decision, the District Hearing Officer finds that the claimant is not entitled to receive the temporarily total disability compensation requested.
 {¶ 16} "The District Hearing Officer reviewed and considered all of the evidence contained in the claim file when rendering this decision.
 {¶ 17} "This order is based upon the 04/17/2000 C-84 of Dr. Skie, the 01/22/2001 C-9 of Dr. Skie, the 11/21/2000 progress note of Dr. Skie, the 05/19/2000, 05/30/2000 and 06/02/2000 letters from Findlay Industries, as well as the claimant's testimony at hearing."
 {¶ 18} 9. Claimant appealed from the DHO order and the matter was heard before a staff hearing officer ("SHO") on October 9, 2001. The SHO vacated that portion of the prior DHO order that found that relator had abandoned his former position of employment when he violated relator's written work policy by failing to report to work, call in or provide a medical excuse on five consecutive occasions. The SHO stated as follows:
 {¶ 19} "* * * The evidence is undisputed that the claimant is not capable of his former work because of the allowed work injury. Since the claimant is prevented from performing his previous job because of this injury, there can be no abandonment from his previous employment.
 {¶ 20} "Further, although the claimant provided no medical proof, his statement that he believed that he could not return to the restricted duty provided by the employer because of the medication he was taking is found persuasive.
 {¶ 21} "Since no abandonment of the former position is found, temporary total disability compensation could be considered with supporting medical evidence pending recovery from the approved surgery or under other applicable situations."
 {¶ 22} 10. Relator's appeal was refused by order of the commission mailed November 2, 2001.
 {¶ 23} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 24} TTD compensation awarded pursuant to R.C. 4123.56 has always been defined as compensation for wages lost where a claimant's injury prevents the return to the former position of employment. State ex rel. Ramirez v. Indus. Comm. (1982) 69 Ohio St.2d 630. Where an employee's own actions, for reasons unrelated to the injury, preclude him/her from returning to his/her employment, he/she is not entitled to TTD benefits, since it is the employee's own actions rather than the injury that precludes return to the former position. See State ex rel. Jones Laughlin Steel Corp. (1985), 29 Ohio App.3d 145. When determining whether an injured worker qualifies for TTD compensation, the court utilizes a two-part test. The first part of the test focuses on the disabling aspects of the injury. The second part of the test determines if there are any factors, other than the injury, which would prevent claimant from returning to his/her former position of employment. See State ex rel. Ashcraft v. Indus. Comm. (1987), 34 Ohio St.3d 42. However, only a voluntary abandonment precludes the payment of TTD compensation. State ex rel. Rockwell Internatl. v. Indus. Comm. (1988),40 Ohio St.3d 44. As such, voluntary abandonment of the former position of employment can, in some instances, bar eligibility for TTD compensation.
 {¶ 25} A termination of employment can constitute a voluntary abandonment of a former position of employment when the termination is a consequence of behavior which the claimant willingly undertook. See State ex rel. Watts v. Schottenstein Stores, Inc. (1993), 68 Ohio St.3d 118. The rationale for this is that a person is deemed to tacitly accept the consequences of their voluntary acts.
 {¶ 26} In Louisiana-Pacific Corp. v. Indus. Comm. (1995),72 Ohio St.3d 401, the Ohio Supreme Court held that a claimant's violation of a written work rule or policy will be considered tantamount to a voluntary abandonment of employment when the rule or policy (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known by the employee.
 {¶ 27} In the present case, the relator presented evidence that the work rules were in written form and that the claimant had actually received a copy of those rules. The attendance policy provides that an employee may be terminated if he fails to report for work on three consecutive days without providing a doctor's slip or the failure to call in if one was unable to work.
 {¶ 28} Granted, not all terminations from employment necessarily result in the loss of entitlement to TTD compensation. However, the SHO failed to apply Louisiana-Pacific to the facts of the present case before reaching a conclusion.
 {¶ 29} In the present case, relator had a policy of accommodating an injured worker's restrictions, following an injury, when that employee was released to return to some form of work. In the present case, Dr. Skie released claimant to return to one-handed work as of May 1, 2000. A representative of relator specifically met with claimant to discuss his return to work. Claimant was concerned that he could not drive, had physical therapy appointments to keep, and that he should not work around heavy machinery. In order to accommodate those concerns, relator offered to pick claimant up for work and take him home, drive him to and from his physical therapy appointments, and place him in an office setting so that he would not be around heavy machinery. In spite of relator's offer of employment within claimant's restrictions, claimant did not return to work.
 {¶ 30} On June 1, 2000, relator again checked with Dr. Skie to be certain that claimant was able to return to work within the restrictions of one-handed work only. Dr. Skie confirmed his prior determination and relator notified claimant, by certified mail, that he was expected to return to work and that any further failure would place his job in jeopardy. Dispute being notified, claimant did not return to work, nor did he call into work or submit a new excuse from his doctor indicating that he could not work. Relator terminated claimant effective June 6, 2000.
 {¶ 31} In granting claimant TTD compensation, the SHO failed to consider the fact that claimant was released to return to work with restrictions and that the employer had made work available to him. The claimant failed to report to work and was terminated. The SHO failed to apply Louisiana-Pacific to the facts of this case to determine whether claimant had voluntarily abandoned his employment. The commission has abused its discretion, and this court should issue a writ of mandamus ordering the commission to vacate its order granting claimant TTD compensation and ordering the commission to issue a new order, applying the proper standard of review to the facts to determine whether claimant abandoned his former position of employment and is precluded from receiving TTD compensation.