DECISION
{¶ 1} Relator, Raul Estremera, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying relator's application for temporary total disability compensation on the basis that relator voluntarily retired from the workforce, and to find that relator is entitled to the requested compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate concluded the commission did not abuse its discretion in denying relator's motion for temporary total disability compensation. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's conclusions of law, asserting the evidence demonstrates relator's inability to continue working was related to his work injury.
 {¶ 4} The commission, however, specifically found relator's testimony not to be persuasive, as no documentation supported it. In addition, the commission's staff hearing officer determined that Dr. Freedman's report supported denial of the requested compensation. Indeed, the March 14, 2005 report of Dr. Freedman specifically states that "[t]here is a lack of evidence to support the medical necessity for any temporary total disability." (Dr. Freedman's Report, 3.)
 {¶ 5} In response, relator properly notes that Dr. Freedman's March 14, 2005 report states that "[t]he claimant attempted to return to work to light duty after the 2/3/99 injury. He states that he could not tolerate this due to the neck and right shoulder pain. He has therefore been off of work since." The excerpt, however, is from the "Work History" portion of the report, a section Dr. Freedman would be compelled to complete relying on the information relator submitted. In a later portion of the report containing his own conclusions, Dr. Freedman stated that "no period of [temporary total disability] is reasonably necessary or medically justified including the specific time frame requested from 7/23/04 through 12/30/04 and to continue." (March 14, 2005 Report, 3.)
 {¶ 6} Because the commission's reasons for denying the application for temporary total disability compensation are supported in the record, the commission did not abuse its discretion in denying the requested compensation. Relator's objections are overruled.
 {¶ 7} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
French and McGrath, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
The State of Ohio on Relation of : Raul Estremera, : Relator, : v. : No. 05AP-619 TRW, Inc. and The Industrial : (REGULAR CALENDAR) Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on December 14, 2005 Shapiro, Marnecheck Reimer, Philip A. Marnecheck, MatthewPalnik and Jennifer L. Wilson, for relator.
Jim Petro, Attorney General, and Douglas R. Unver, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 8} Relator, Raul Estremera, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for temporary total disability ("TTD") compensation on the basis that relator had voluntarily retired from the workforce, and ordering the commission to find that relator is entitled to the requested compensation.
Findings of Fact:
 {¶ 9} 1. Relator sustained a work-related injury on February 3, 1999, and his claim was ultimately allowed for the following conditions: "cervical strain; blunt head trauma; aggravation of pre-existing cervical disc disease; sprain right shoulder; thoracic sprain; subacromial bursitis right shoulder; supraspinatus infraspinatus tendon muscle tear right shoulder."
 {¶ 10} 2. Relator retired in February 1999.[1]
 {¶ 11} 3. On January 4, 2005, relator filed a motion requesting the payment of TTD compensation from July 23 to December 30, 2004 and continuing. In support, relator submitted two C-84 forms completed by his treating physician Ben Ortega, M.D., who certified the following conditions as preventing relator from returning to work: "neck sprain[;] disc dis-NEC/NOS-cervical[;] [right] shoulder sprain."
 {¶ 12} 4. Relator was also examined by Paul Freedman, M.D., who issued a report dated February 22, 2005. Dr. Freedman listed all the allowed conditions and opined as follows: relator's current complaints regarding his cervical spine and right shoulder regions were most likely related to the 1999 injury; there is no evidence to support a worsening of relator's conditions; relator's function appears stable and even somewhat improved; there is a lack of evidence supporting the medical necessity for any period of temporary total disability; the clinical findings demonstrate sufficient clinical function for claimant to be capable of working; and any additional conservative treatment is not reasonably necessary or appropriate.
 {¶ 13} 5. Relator's motion was heard before a district hearing officer ("DHO") on April 5, 2005, and was denied as follows:
It is the order of the District Hearing Officer that the C-86 Motion filed by Injured Worker on 01/04/2005 is DENIED.
Claimant's representative clarified at hearing that claimant is requesting temporary total compensation from 7/23/2004 through 3/20/2005 and to continue.
It is the order of the District Hearing Officer that temporary total compensation is denied from 7/23/2004 to 3/20/2005, inclusive.
This decision is based on the fact that claimant has been retired from the work force since approximately 1999 and has no desire to return to work, whether or not his injury exists or the medical problems from the 2/3/1999 injury improve, and that the current dispute really relates to treatment.
All evidence has been reviewed, and considered, in rendering this decision.
(Emphasis sic.)
 {¶ 14} 6. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on May 11, 2005. The SHO affirmed the prior DHO order and denied relator's motion as follows:
The Hearing Officer further finds that based on the report of Dr. Freedman, dated 03/14/2005, and the fact that the claimant has not worked since 1999 when he retired from the work force, that the claimant is not entitled to the payment of temporary total compensation from 07/23/2004 to 03/20/2005.
The Hearing Officer finds that the claimant, at hearing, alleged that the retirement in 1999 was medically motivated and not as a result of the 30 years that he had worked for the employer prior to the injury.
The Hearing Officer further finds that no documentation was submitted to verify said argument. Therefore, the Hearing Officer finds as indicated, that the claimant's request for the payment of temporary total compensation is denied.
 {¶ 15} 7. Following the hearing before the SHO, relator submitted an affidavit wherein he asserted, in pertinent part, as follows:
[Three] Affiant states that on February 3, 1999 he slipped and fell on ice and sustained injuries to his head, neck, right shoulder, and thoracic spine.
[Four] Affiant further states that he attempted to return to work on light duty after February 3, 1999.
[Five] Affiant states that he could not tolerate the neck and shoulder pain he experienced while working and could not continue to work.
[Six] Affiant states that he retired in February 1999 for medical reasons caused from the injuries he suffered from his work injury on February 3, 1999[.]
[Seven] Affiant states that but for the injuries he suffered from his February 3, 1999 injury, he would have continued working.
 {¶ 16} Relator also submitted the March 10, 2003 report of Juan Hernandez, M.D., wherein Dr. Hernandez indicated that relator was still working. Relator also pointed out that, in a report dated March 14, 2005, Dr. Freedman indicated that relator had tried to work following the surgery.
 {¶ 17} 8. Relator filed an appeal from the SHO order which was refused by order of the commission mailed June 3, 2005.
 {¶ 18} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 20} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment.State ex rel. Ramirez v. Indus. Comm. (1982),69 Ohio St.2d 630. Where an employee's own actions, for reasons unrelated to the injury, preclude him or her from returning to his or her former position of employment, he or she is not entitled to TTD benefits, since it is the employee's own actions, rather than the injury, that precludes return to the former position of employment. See State ex rel. Jones Laughlin Steel Corp. v.Indus. Comm. (1985), 29 Ohio App.3d 145. When determining whether a claimant qualifies for TTD compensation, the court utilizes a two-part test. The first part of the test focuses on the disabling aspects of the injury. The second part of the test determines if there are any factors, other than the injury, which would prevent the claimant from returning to his or her former position of employment. See State ex rel. Ashcraft v. Indus.Comm. (1987), 34 Ohio St.3d 42.
 {¶ 21} In the present case, relator does not dispute the fact that he retired from his employment within a month of his injuries. Relator further does not contradict the evidence that, at the time he retired he had been working for 30 years. Instead, relator challenges the commission's finding that his retirement was "voluntary" and was not caused by the allowed conditions in his claim.
 {¶ 22} In the present case, the SHO denied relator's request for TTD compensation on the basis that relator had not worked since February 1999 when he retired from the workforce. The SHO found that relator's testimony that his retirement was medically motivated was not credible, in part because there was no other documentation verifying relator's claims. As such, the commission essentially found that relator had failed to demonstrate that his retirement, at the age of approximately 60 years old and after 30 years of employment, was motivated by his injuries. Questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece,
supra.
 {¶ 23} Following the hearing before the SHO, relator submitted an affidavit wherein he most likely attested to the same evidence to which he testified to at the SHO hearing. Relator also submitted a report from Dr. Hernandez indicating he was still trying to work in March 2003. However, it is clear relator left employment in February 1999. Also, relator attached a March 2005 report from Dr. Freedman wherein relator informed Dr. Freedman that he had tried working following the injury. However, that evidence was not presented at the hearing before the SHO, and the commission was not required to consider that evidence on further appeal because third-level appeals are discretionary. Also, Dr. Hernandez's reference to relator still working in March 2003 contradicts all the other evidence in the record and any statements relator made to Dr. Freedman in 2005 were completely self-serving. To the extent that relator failed to submit evidence at the hearing before the SHO that his retirement from the workforce in 1999 was medically related to his allowed conditions, the commission did not abuse its discretion in finding that he retired from the workforce in 1999 for reasons unrelated to his allowed conditions, and that relator had no intention at that time, or ever, of returning to the workforce in denying his application for TTD compensation.
 {¶ 24} Relator also argues that Dr. Freedman's report cannot be relied upon to deny his motion because it was based upon incorrect medical evidence. Relator asserts that Dr. Freedman's conclusion that he had reached MMI following extensive physical therapy is contradicted by other evidence. Specifically, relator points out that many of his requests for therapy had been denied.
 {¶ 25} The magistrate finds, after reviewing the record before this court, that it cannot be determined exactly what treatment/therapy relator received. It is apparent that relator did receive treatment/therapy to a certain extent. However, relator's arguments that Dr. Freedman exaggerated or assumed that relator received more therapy than he actually did, cannot be substantiated. Because this magistrate cannot say that relator has shown that Dr. Freedman relied on inaccurate medical information, this magistrate cannot say that the commission abused its discretion by relying on his report.
 {¶ 26} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his motion for TTD compensation and relator's request for a writ of mandamus should be denied.
 Stephanie Bisca Brooks
STEPHANIE BISCA BROOKS MAGISTRATE
[1] There is no documentation in the record concerning the exact date of relator's retirement or the reasons for his retirement. However, it is undisputed that relator had worked for the instant employer for 30 years at the time he retired.