THE STATE, EX REL. WHITE CONSOLIDATED INDUSTRIES, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

(No. 88-1210—Submitted September 26, 1989—Decided January 10, 1990.)

and *Helen Mac Murray,* urging affirmance for *amicus curiae,* Ohio Chamber of Commerce.

*Per Curiam.* We begin by noting that the appellate court's opinion was issued prior to our decision in *State, ex rel. Rockwell Internatl.,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 44, 531 N.E. 2d 678. There, we specifically rejected the characterization of "voluntary retirement" presented below, holding instead that:

"When a claimant's retirement is causally related to an industrial injury, the retirement is not 'voluntary' so as to preclude eligibility for temporary total disability compensation." *Id.* at paragraph one of the syllabus.

The voluntary nature of retirement is a factual question within the commission's final jurisdiction. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 58 O.O. 2d 70, 278 N.E. 2d 24. So long as the commission's decision is supported by "some evidence," there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Upon review, we find that Dr. Boumphrey's February 22, 1985 report and the claimant's affidavit are "some evidence" supporting the commission's determination that claimant's retirement was not voluntary.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES, J., dissents.

*Baran, Piper, Tarkowsky & Fitzgerald Co., L.P.A., John Tarkowsky* and *Kevin J. Reis,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James A. Barnes,* for appellant Industrial Commission.

*William R. Hamelberg,* for appellant Peterson.

*Squire, Sanders & Dempsey, Preston J. Garvin, William J. Wahoff*