THE STATE, EX REL. SMITH, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Smith, *v.* Indus. Comm. (1990), 50 Ohio St. 3d 45.]

(No. 88-1911—Submitted February 6, 1990—Decided March 28, 1990.)

*Roeller, Roeller & Jameson* and *Robert K. Roeller,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Merl H. Wayman,* for appellee Industrial Commission.

*Dinsmore & Shohl* and *George B. Wilkinson,* for appellee Whiteway-Spaulding Manufacturing.

*Per Curiam.* Temporary total disability compensation may be denied where a claimant voluntarily retires. *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus. Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451. A retirement that is causally related to an industrial injury, however, is not voluntary. *State, ex rel. Rockwell Internatl.,* v. *Indus. Comm.* (1988), 40 Ohio St. 3d 44, 531 N.E. 2d 678; *State, ex rel. White Consolidated Industries,* v. *Indus. Comm.* (1990), 48 Ohio St. 3d 17, 548 N.E. 2d 926. This determination is a factual question within the commission's final jurisdiction. *White, supra,* at 18, 548 N.E. 2d at 927.

The appellate court's ruling preceded our decisions in *Rockwell* and *White.* Upon review, however, we find that the appellate court nonetheless reached the proper result.

In contending that his retirement was involuntary, appellant claims that two factors motivated his decision to leave: (1) his April 22, 1985 industrial injury, and (2) the commission's concurrent declaration of temporary total disability in another claim. The record, however, does not support either allegation.

The April 1, 1985 pension calculation form indicates that a June 1, 1985 retirement was contemplated prior to appellant's alleged April 22, 1985 industrial injury. Further, there is no indication in the record that appellant was receiving temporary total disability compensation in any other claim during the several months preceding his retirement. While appellant's condition may have worsened after retirement, it does not transform what was initially a voluntary non-injury retirement into an involuntary one.

Based on the foregoing, the appellate court judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.