THE STATE EX REL. MCATEE, APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State ex rel. McAtee v. Indus. Comm. (1996), 76 Ohio St.3d 648.]

(No. 94-1980—Submitted July 10, 1996—Decided October 16, 1996.)

650

Ben Sheerer Co., L.P.A., and Paula Goodwin, for appellant.

Betty D. Montgomery, Attorney General, and Elizabeth Wolf, Assistant Attorney General, for appellee Industrial Commission.

Buckingham, Doolittle & Burroughs and George H. Rosin, for appellee Chrysler Corporation.

STRATTON, J.   In this action, McAtee asks this court to reverse the court of appeals' refusal to grant a writ of mandamus directing the Industrial Commission to reexamine its determination that McAtee retired on August 31, 1989 and was not entitled to permanent total disability benefits.   We agree with the court of appeals that there was "some evidence" to support the commission's order.

In *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, paragraph two of the syllabus, we held that: "An employee who retires prior to becoming permanently and totally disabled is precluded from eligibility for permanent total disability compensation only if the retirement is voluntary and constitutes an abandonment of the entire job market."   The present claimant does not allege that he was permanently and totally disabled when he retired.   Resolution of this issue, therefore, depends upon the character and extent of claimant's retirement.

We have previously held that a claimant who initiates his or her retirement for reasons unrelated to the industrial injury is considered to have voluntarily retired.   *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678.   In light of McAtee's rejection of permanent total disability

retirement benefits, we find that there was "some evidence" that his retirement was unrelated to his injury and, hence, voluntary.

As for the question of whether McAtee abandoned the entire labor force, the commission's order does not explicitly address that issue. However, the commission relied on all of the evidence in the file and adduced at the hearing, and that evidence can only lead to the conclusion that McAtee abandoned the work force. His early retirement and receipt of Social Security benefits, his application for pension benefits, and his failure to seek other employment following his departure from Chrysler, all demonstrate his intent to leave the labor force. Accordingly, we find that the disposition of the abandonment issue was implicit in the commission's order. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.