[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 648.]

THE STATE EX REL. MCATEE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. McAtee v. Indus. Comm.*, 1996-Ohio-297.]

*Workers' compensation—Denial of application for permanent total disability compensation benefits—Industrial Commission does not abuse its discretion when there is "some evidence" that claimant's retirement was unrelated to his injury and, hence, voluntary.*

(No. 94-1980—Submitted July 10, 1996—Decided October 16, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD10-1375.

———————————

{¶ 1} Appellant-claimant, Pearl J. McAtee, injured his knee in 1968 while in the course of and arising from his employment with appellee Chrysler Corporation. After his workers' compensation claim was allowed, claimant had several unsuccessful surgeries on his knee, culminating in a fusion operation that left him unable to bend the knee at all. As a result of the knee fusion and the altered gait that ensued, claimant also developed low back problems that eventually required surgery. These conditions were formally allowed as part of his workers' compensation claim. Claimant also suffers from numerous severe non-industrial conditions, including abdominal aortic aneurysms, atheriosclerotic cardiovascular disease, coronary artery disease, and thyroid disease. Claimant underwent an aortoiliac graft in 1984 and cardiac bypass surgery in 1987.

{¶ 2} Between 1968 and 1971, claimant missed work intermittently due to the allowed conditions. After that point, claimant's job duties were modified to accommodate the sitting, standing, and walking restrictions that the claimant's fused knee required. There is no evidence that the claimant missed work due to the allowed conditions after 1971.

**{¶ 3}** Chrysler's dispensary records indicate that until 1978, claimant often visited the dispensary with back and knee complaints. After that point, it is undisputed that claimant was only seen once for any complaint related to his allowed condition. Instead, claimant's visits were largely related to blood pressure and cardiac problems.

**{¶ 4}** On August 31, 1989, at age sixty-two, claimant retired. Given the option of "permanent total disability retirement" and "early retirement at employee option," claimant chose the latter, despite the more lucrative benefits that a permanent total disability retirement would have provided. Claimant also applied for regular, not disability, Social Security benefits at that time.

**{¶ 5}** Two years later, claimant applied to appellee Industrial Commission of Ohio for permanent total disability compensation. On his application, he indicated that:

"I retired earlier than I would have because I got to the point that I couldn't walk any distance. I couldn't sit, stand or walk without discomfort[.] Over the years I lost a lot of overtime."

**{¶ 6}** Several medical reports were before the commission. Dr. Robert C. Erickson II attributed a forty-percent permanent partial impairment attributable to the allowed conditions. He also stated that the impairment was not work-preclusive. Dr. Robert D. Zaas opined permanent total impairment, as did Dr. W. Jerry McCloud, who examined the claimant on the commission's behalf.

**{¶ 7}** Claimant also submitted an affidavit indicating that:

"3. He retired in 1989 at age 62 and began drawing his pension and social security retirement benefits at that time.

"4. The reason he retired at that particular time was because of the injury in his claim.

"5. The last years he worked, claimant gave him a light duty job but he could not do the job any longer.

"6. His main problem was doing the walking to get in and out of the Plant, and he could not sit or stand for any significant period of time.

"7. His retiring at age 62 has resulted in a significantly reduced monthly benefit from his pension plan and Social Security than had he waited until age 65."

{¶ 8} The commission denied permanent total disability compensation, writing:

"Claimant is 65 years old, has a high school education and work experience as a mechanical automation handler, welder, and general laborer. Claimant has special training in welding and engineering. * * * The medical evidence, the reports of Drs. Zaas and McCloud, reflect that the allowed conditions render claimant permanently and totally impaired. The Commission finds, however, that claimant is not entitled to permanent and total disability for the reason that claimant voluntarily retired on 8/31/89. This decision is based upon claimant's work history following the 12/7/68 injury and the subsequent surgeries, the fact the claimant quit work at the age of 62, that claimant took regular retirement rather than disability retirement thus foregoing $5,000 more in benefits, and chose to receive social security retirement benefits rather than social security disability. Accordingly, the commission finds that claimant voluntarily retired on 8/31/89 and, therefore, is not entitled to permanent total disability."

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying permanent total disability compensation. The appellate court denied the writ.

{¶ 10} This cause is now before this court upon an appeal as of right.

————————————

*Ben Sheerer Co., L.P.A.,* and *Paula Goodwin*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Elizabeth Wolf*, Assistant Attorney General, for appellee Industrial Commission.

*Buckingham, Doolittle & Burroughs* and *George H. Rosin*, for appellee Chrysler Corporation.

_____

**STRATTON, J.**

{¶ 11} In this action, McAtee asks this court to reverse the court of appeals' refusal to grant a writ of mandamus directing the Industrial Commission to reexamine its determination that McAtee retired on August 31, 1989 and was not entitled to permanent total disability benefits. We agree with the court of appeals that there was "some evidence" to support the commission's order.

{¶ 12} In *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, paragraph two of the syllabus, we held that: "An employee who retires prior to becoming permanently and totally disabled is precluded from eligibility for permanent total disability compensation only if the retirement is voluntary and constitutes an abandonment of the entire job market." The present claimant does not allege that he was permanently and totally disabled when he retired. Resolution of this issue, therefore, depends upon the character and extent of claimant's retirement.

{¶ 13} We have previously held that a claimant who initiates his or her retirement for reasons unrelated to the industrial injury is considered to have voluntarily retired. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. In light of McAtee's rejection of permanent total disability retirement benefits, we find that there was "some evidence" that his retirement was unrelated to his injury and hence, voluntary.

{¶ 14} As for the question of whether McAtee abandoned the entire labor force, the commission's order does not explicitly address that issue. However, the commission relied on all of the evidence in the file and adduced at the hearing, and that evidence can only lead to the conclusion that McAtee abandoned the work force. His early retirement and receipt of Social Security benefits, his application

for pension benefits, and his failure to seek other employment following his departure from Chrysler, all demonstrate his intent to leave the labor force. Accordingly, we find that the disposition of the abandonment issue was implicit in the commission's order.  The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFIEFER and COOK, JJ., concur.

DOUGLAS and RESNICK, JJ., dissent.

F.E. SWEENEY, J., dissents and would reverse the judgment of the court of appeals.

_____