DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Nicholas Furrie, Jr., filed an original action requesting this court to issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order terminating his temporary total disability ("TTD") compensation on the basis that he voluntarily retired from his job and to order the commission to reinstate his TTD compensation based upon a finding that his retirement was injury induced.
 {¶ 2} This matter was referred to a magistrate of this court, pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's requested writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision. Relator first asserts that the magistrate erred in finding he was unable to return to his employment in light of his retirement. We agree with the commission, however, that such finding merely reflects the fact that a claimant who voluntarily chooses to retire for reasons unrelated to an allowed injury has, by his or her own actions, prevented a return to the former position of employment, thereby relinquishing entitlement to TTD benefits. See State ex rel. McAtee v. Indus. Comm. (1996),76 Ohio St.3d 648, 650 ("A claimant who initiates his or her retirement for reasons unrelated to the industrial injury is considered to have voluntarily retired"). In the present case, there was evidence before the commission, by way of relator's own testimony, that he pursued retirement because the combined amount he was receiving in TTD compensation and extended disability benefits was less than the amount of retirement benefits he was eligible to receive based upon his 30 years of service with the employer. The medical evidence did not indicate that relator was forced to retire because of the allowed conditions (i.e., there was no evidence that relator's doctor advised him to retire based upon his temporary disability) and, in fact, the district hearing officer cited testimony by relator that he did not pursue a disability retirement because he may want to pursue other employment in the future. The magistrate concluded that there was some evidence in the record to support the commission's finding that relator's retirement was motivated by financial reasons, and not due to the allowed conditions in the claim. Upon review, we find no error with that determination.
 {¶ 4} Relator further argues that the magistrate erred by misapplying the Ohio Supreme Court's decision in State ex rel.White Consolidated Industries v. Indus. Comm. (1990),48 Ohio St.3d 17. In his brief before the magistrate, relator argued that the facts of this case were similar to those in White, supra, in which the Supreme Court held that the evidence supported the commission's finding that claimant's retirement was not voluntary. Id. at 18. The magistrate, however, found relator's reliance on White to be misplaced, noting that in that case there was some evidence, in the form of a doctor's report and affidavit of the claimant, to support the commission's conclusion that the claimant's retirement was causally related to the industrial injury. In contrast, the magistrate found no evidence in the instant case that relator retired because of the allowed condition; rather, as noted above, the magistrate determined that the evidence supported the commission's finding that relator's decision to retire was motivated by financial advantage and, therefore, such retirement was voluntary. We find no error with the magistrate's determination that the facts of White are inapposite to the facts of the instant case.
 {¶ 5} Based upon an examination of the magistrate's decision, and an independent review of the record, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein. Relator's objections to the magistrate's decision are overruled, and the requested writ of mandamus is denied.
Objections overruled; writ of mandamus denied.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Nicholas Furrie, Jr., : Relator, : v. : No. 03AP-370 Industrial Commission of Ohio and : (REGULAR CALENDAR) Delphi Packard Electric Systems, : Respondents. :
 MAGISTRATE'S DECISION Rendered on October 8, 2003
IN MANDAMUS
 {¶ 6} Relator, Nicholas Furrie, Jr., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which terminated his temporary total disability ("TTD") compensation on the basis that he voluntarily retired from his job and ordering the commission to reinstate his TTD compensation based upon a finding that his retirement was injury induced.
 Findings of Fact {¶ 7} 1. Relator sustained a work-related injury on November 4, 1998, and his claim has been allowed for:
Acute bilateral lumbosacral strain with sprain acute somatic dysfunction of lumbosacral bilaterally left sciatica; sprain and strain left shoulder; impingement syndrome left shoulder; sprain and strain left rotator cuff; strain and sprain right shoulder and dorsal sprain strain.
 {¶ 8} 2. Relator began receiving TTD compensation in January 2001.
 {¶ 9} 3. On November 18, 2002, respondent Delphi Packard Electric Systems ("employer") filed a motion requesting that the commission terminate relator's TTD compensation on the basis that relator had abandoned his former position of employment when he accepted an age-based retirement on November 1, 2002.
 {¶ 10} 4. The matter was heard before a district hearing officer ("DHO") on January 8, 2003, and resulted in an order granting the employer's motion to terminate TTD compensation. The DHO made the following relevant factual determination regarding relator's retirement:
* * * [C]laimant testified at hearing that he did in fact effectuate a retirement based upon his thirty years of service with this employer on 11/1/02. Claimant testified that he pursued this retirement because the combination of his temporary total disability compensation being received in this claim, and the extended disability benefits (EDB) that he was contem-poraneously receiving from Delphi Packard Electric, were less than the amount of retirement benefits for which he was eligible based upon his years of service with this employer. * * * In short, claimant testified that he retired for financial reasons.
 {¶ 11} 5. Based upon relator's testimony at hearing, the DHO found that his retirement on November 1, 2002 was voluntary in nature and therefore relator was no longer entitled to TTD compensation.
 {¶ 12} 6. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on February 19, 2003. The SHO affirmed the prior DHO order terminating relator's TTD compensation on the basis that he retired due to financial reasons and not because of his industrial injury.
 {¶ 13} 7. Relator's further appeal was refused by order of the commission mailed March 20, 2003.
 {¶ 14} 8. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law {¶ 15} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 16} In this mandamus action, relator contends that, even though he testified that he applied for an age-based retirement for financial reasons, those financial reasons were occasioned by his industrial injury and, therefore, his TTD compensation should not be terminated. Relator cites State ex rel. WhiteConsolidated Industries v. Indus. Comm. (1990),48 Ohio St.3d 17, in support of his argument.
 {¶ 17} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment.State ex rel. Ramirez v. Indus. Comm. (1982),69 Ohio St.2d 630. Upon that predicate, TTD compensation is payable to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is capable of returning to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) when claimant has reached maximum medical improvement.
 {¶ 18} Where an employee's own actions, for reasons unrelated to the industrial injury, preclude them from returning to their former position of employment, they are not entitled to TTD benefits since it is the employee's own actions rather than the injury that precludes a return to the former position of employment. See State ex rel. Jones Laughlin Steel Corp. v.Indus. Comm. (1985), 29 Ohio App.3d 145. When determining whether a claimant qualifies for TTD compensation, the court utilizes a two-part test. The first part of the test focuses on the disabling aspects of the injury. The second part of the test determines if there are any factors, other than the injury, which prevent claimant from returning to their former position of employment. See State ex rel. Ashcraft v. Indus. Comm. (1987),34 Ohio St.3d 42. However, only a voluntary abandonment precludes the payment of TTD compensation. State ex rel. RockwellInternatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44. As such, voluntary abandonment of the former position of employment can, in some instances, bar eligibility for TTD compensation.
 {¶ 19} Relator's reliance on White Consolidated is misplaced. In White Consolidated, the commission determined that the claimant did not voluntarily retire based upon some evidence in the form of a doctor's report and an affidavit supplied by the claimant. The commission had concluded that the claimant's retirement was causally related to the industrial injury.
 {¶ 20} Relator argues that the claimant in WhiteConsolidated benefited financially from his retirement just as he did. However, that fact alone is not relevant to the disposition of this case. Instead, in the present case, the commission concluded that relator's retirement was occasioned for financial reasons and not due to the allowed conditions in this claim. To the contrary, in White Consolidated, the court concluded that the claimant had retired for reasons directly related to his injuries.
 {¶ 21} The credibility of witnesses and the weight to be given evidence are clearly within the discretion of the commission as fact finder. Teece, supra. Based upon the record, relator's case is distinguishable from White Consolidated.
 {¶ 22} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in terminating his TTD compensation and relator's request for a writ of mandamus should be denied.