DECISION ON OBJECTION TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, Stacey Andrews, seeks a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission"), to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate of this court to conduct appropriate proceedings. The magistrate has rendered a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate has recommended that this court deny relator's request for a writ of mandamus because relator did not challenge the commission's finding that he can perform sustained remunerative employment.
 {¶ 3} Relator has filed an objection to the magistrate's decision arguing that, contrary to the commission's determination, relator did avail himself of rehabilitation services. Relator asserts that this error prejudiced the commission's determination that he is capable of sustained remunerative employment. However, relator admits that he is capable of performing sedentary employment. The medical evidence indicates that relator is capable of sustained remunerative employment. Therefore, we see no flaw in the magistrate's analysis and we overrule relator's objection.
 {¶ 4} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objection overruled; writ of mandamus denied.
Bryant and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. Stacey Andrews, : Relator, : v. : No. 03AP-1283 Industrial Commission of Ohio and : (REGULAR CALENDAR) The Carborundum Grinding Wheel : Company, : Respondents. :
 MAGISTRATE'S DECISION Rendered on July 21, 2004 Law Offices of Thomas Tootle, and Thomas Tootle, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 5} In this original action, relator, Stacey Andrews, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
Findings of Fact:
 {¶ 6} 1. On December 31, 1992, relator sustained an industrial injury which is assigned claim number 92-82223.
 {¶ 7} 2. On December 12, 2001, relator filed an application for PTD compensation.
 {¶ 8} 3. Following an August 13, 2002 hearing, a staff hearing officer ("SHO") issued an order denying the PTD application. The SHO's order presents alternative bases for denial of the application.
 {¶ 9} 4. Initially, the SHO's order explains why it is found that relator can perform sustained remunerative employment based upon reliance on the reports of Timothy J. Fallon, M.D., Donald J. Tosi, Ph.D., and vocational expert Thomas P. Kinzer. This part of the order finds that the allowed conditions of the industrial claim medically permit sedentary employment and that the nonmedical factors combine to permit sustained remunerative employment.
 {¶ 10} 5. The remaining portion of the SHO's order states:
As an additional basis for the denial of this application, the Staff Hearing Officer notes that the claimant has had no involvement since he last worked at the age of 34 with any form of vocational rehabilitation or other retraining efforts. The Staff Hearing Officer finds that the claimant has not met his burden under the case law of Speelman, [State ex rel. Speelmanv. Indus. Comm. (1992), 73 Ohio App.3d 757] B.F. Goodrich,
[State ex rel. B.F. Goodrich Co. v. Indus. Comm. (1995),73 Ohio St.3d 525] Bowling [State ex rel. Bowling v. Natl. CanCorp. (1996), 77 Ohio St.3d 148] and Wilson [State ex rel.Wilson v. Indus. Comm. (1997), 80 Ohio St.3d 250] which indicate that an [dis]abled claimant must make any and all reasonable attempts to undertake rehabilitation or retraining opportunities which could enhance a return to work. The Staff Hearing Officer notes that the claimant, although undergoing several surgical interventions, has not made any efforts in these regards and as his age is currently but 42, it is found to be reasonable that further efforts in this area should be undertaken.
 {¶ 11} 6. On December 29, 2003, relator, Stacy Andrews, filed this mandamus action.
Conclusions of Law:
 {¶ 12} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 13} In this action, relator challenges as an abuse of discretion the commission's additional or alternative basis for denial of the application. Relator does not challenge the commission's initial finding that he can perform sustained remunerative employment based upon the Fallon, Tosi, and Kinzer reports.
 {¶ 14} Even if relator can show some flaw in the commission's additional or alternative basis for denial of the application, this court cannot issue a writ of mandamus because the commission's initial stated basis for denial of the application remains unchallenged. See State ex rel. Speelman v. Indus.Comm. (1992), 73 Ohio App.3d 757, 761 (it is not improper for the commission to state alternative grounds for supporting the order).
 {¶ 15} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
 /s/ Kenneth W. Macke 
KENNETH W. MACKE MAGISTRATE