DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Charles R. Wheeler, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order denying him permanent total disability compensation and to enter an order granting said compensation.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate noted that "relator challenges the commission's determination that he is able to perform sustained remunerative employment. Relator does not challenge the commission's determination that he is ineligible for [permanent total disability] compensation because he is found to have voluntarily removed himself from the workforce." (Magistrate's Decision, ¶ 31.) The magistrate thus concluded that even if relator were able to demonstrate some flaw in the commission's determination that he is able to perform sustained remunerative employment, the commission's alternative basis for denying his application supports denial of the requested compensation. Accordingly, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed objections to the magistrate's decision:
1. The magistrate erred in finding of fact #7, that the Staff Hearing Officer's order finds that Relator voluntarily removed himself from the workforce.
2. The magistrate erred in finding of fact #9 in so far as it says that the Industrial Commission "rejected" Wirebaugh's report.
3. The magistrate erred in conclusion of law that the finding of voluntary abandonment supports the denial of PTD.
4. The magistrate erred in that his conclusions of law failed to address the Relator's core arguments regarding the invalidity of the SHO order.
 {¶ 4} Relator first objects to the magistrate's finding of fact No. 7. It states that the staff hearing officer's order found relator voluntarily removed himself from the workforce and, on that basis, is not entitled to permanent total disability compensation. Relator contends the staff hearing officer did not so conclude, and he relies on language from the order quoted in the magistrate's decision:
* * * Therefore, though the Injured Worker's retirement from his former position of employment may not necessarily [have] been voluntary, there is again no reliable medical evidence that indicates he could not perform sustained renumerative [sic] employment.
(Magistrate's Decision, ¶ 23.)
 {¶ 5} Contrary to relator's contentions, the staff hearing officer found relator had voluntarily retired from his position of employment. The staff hearing officer noted relator's early non-disability retirement, the receipt of social security retirement benefits, and his failure to seek any other type of employment. The staff hearing officer then compared those facts to the analysis in State ex rel. McAtee v.Indus. Comm. (1996), 76 Ohio St.3d 648, a case in which the Ohio Supreme Court, under similar circumstances, concluded the claimant voluntarily abandoned the workforce. Premised on McAtee and its factual similarities to relator's case, the staff hearing officer found relator is ineligible for permanent total disability benefits. Relator's first objection is overruled.
 {¶ 6} Relator's second objection contends the magistrate erred in finding of fact No. 9 insofar as the magistrate stated the staff hearing officer rejected Dr. Wirebaugh's report. Relator's objection appears to be a matter of semantics, as relator seems to contend that because the staff hearing officer found the report could not be considered as a matter of law, she did not reject it as unpersuasive.
 {¶ 7} The staff hearing officer's report states:
The Staff Hearing Officer specifically rejects the report of Dr. Wirebaugh in support of Permanent and Total Disability. Dr. Wirebaugh's report is internally, inconsistent and fatally flawed and cannot be used as reliable evidence in support of the application.
(Stipulated Evidence, 39.) Because the staff hearing officer unequivocally rejected Dr. Wirebaugh's report, we overrule relator's second objection.
 {¶ 8} Relator next contends the magistrate erred in concluding relator voluntarily abandoned his position of employment. In his original brief to this court, relator did not challenge the commission's finding that he voluntarily abandoned the workforce; instead, relator's brief challenged the commission's finding that relator is not entitled to permanent total disability compensation because he is capable of sustained remunerative employment. In light of relator's brief, the magistrate concluded an analysis of relator's ability to perform sustained remunerative employment was unnecessary, as the commission stated an alternative basis that relator did not challenge.
 {¶ 9} We recognize that some language in the staff hearing officer's order makes somewhat uncertain the premise for the staff hearing officer's conclusion that relator voluntarily abandoned the workforce. Specifically, the staff hearing officer stated that "the Injured Worker's retirement from his former position of employment may not necessarily have been voluntary." In the event that language renders questionable the staff hearing officer's determination that relator voluntarily abandoned the workforce, we address the merits of relator's fourth objection, which contends the magistrate improperly failed to consider relator's contention that he is not capable of sustained remunerative employment.
 {¶ 10} In support of his objection, relator first contends the staff hearing officer wrongly rejected the report of Dr. Wirebaugh as internally inconsistent. As relator acknowledges, Dr. Wirebaugh indicates on the second page of his report that the impairments from relator's allowed conditions restrict him to sedentary work, following which he cites work activities that he uses to support the conclusion. Two paragraphs later, Dr. Wirebaugh states that "[i]n my opinion, the claimant's impairments render him permanently and totally disabled from any kind of sustained remunerative employment." (Stipulated Evidence, 4.) Accordingly, we agree with the staff hearing officer that the report of Dr. Wirebaugh is internally inconsistent and is not evidence on which the staff hearing officer could rely.
 {¶ 11} Thereafter, the staff hearing officer discussed the reports of Drs. Cunningham and Popovich and concluded relator could perform sedentary work. Each of those reports supports the staff hearing officer's conclusion. Analyzing the non-medical factors, the staff hearing officer noted some had negative implications, but after discussing each of them in depth in the context of the report of vocational specialist Kimberly L. Goodwin, the staff hearing officer concluded relator is capable of sustained remunerative employment.
 {¶ 12} Specifically, although the staff hearing officer observed that relator is approaching advanced age, she concluded his age is not a barrier which precludes re-employment. The staff hearing officer also acknowledged relator's limited educational background, including his advancing only through the seventh grade, but pointed to relator's own statement that he is able to perform basic reading, writing and math skills. She further noted his prior employment suggested an ability to adapt, despite his lack of education, and she ultimately concluded the jobs specified in the vocational report of Kimberly Goodwin would be within relator's educational abilities and skills background.
 {¶ 13} Given that evidence, the staff hearing officer found that, based on the most restrictive requirements on file, relator has the physical and vocational ability to perform some type of sustained remunerative employment. Because the noted evidence in the record constitutes some evidence in support of the staff hearing officer's conclusion, the staff hearing officer's determination that relator is not entitled to permanent total disability compensation benefits is not an abuse of discretion.
 {¶ 14} Although relator challenges the staff hearing officer's reference to relator's failure to engage in any rehabilitation following his injury, relator does not suggest the staff hearing officer's discussion of those cases is inaccurate. Moreover, the staff hearing officer's order does not purport to determine relator's entitlement to permanent total disability compensation on that basis. Indeed, the staff hearing officer's order discussing the medical and non-medical factors does not allude to relator's lack of rehabilitative efforts. Accordingly, relator's third and fourth objections are overruled.
 {¶ 15} Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law. Accordingly, we adopt the magistrate's decision, as modified in this decision, and we deny the requested writ of mandamus.
Objections overruled; writ denied.
Brown, P.J., and French, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
Chester R. Wheeler, :
 :
 Relator, :
v. : No. 04AP-851
 :
Industrial Commission of Ohio : (REGULAR CALENDAR)
and Ernst Enterprises, Inc., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on February 10, 2005 Gallon Takacs Co., L.P.A., and Theodore A. Bowman, for relator.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondent Industrial Commission of Ohio.
Law Offices of Michael P. Margelefsky, LLC, and Vincent S. Mezinko, for respondent Ernst Enterprises, Inc.
 IN MANDAMUS {¶ 16} In this original action, relator, Chester R. Wheeler, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying him permanent total disability ("PTD") compensation, and to enter an order granting said compensation.
Findings of Fact:
 {¶ 17} 1. Relator sustained an industrial injury on December 13, 1999, while employed with respondent Ernst Enterprises, Inc., a state-fund employer under Ohio's workers' compensation laws. The industrial claim is allowed for: "sprain lumbosacral; disc displacement L3-4, L4-5; aggravation of pre-existing degenerative disc disease L3-L5," and is assigned claim number 99-602646.
 {¶ 18} 2. On May 16, 2003, relator filed an application for PTD compensation. In support, relator submitted a report, dated November 13, 2002, from Jeffrey F. Wirebaugh, M.D. In his report, Dr. Wirebaugh opined that "claimant's impairments render him permanently and totally disabled from any kind of sustained remunerative employment."
 {¶ 19} 3. On July 28, 2003, relator was examined by John W. Cunningham, M.D., on behalf of the commission. In his report, dated August 5, 2003, Dr. Cunningham opined that the industrial injury restricts relator to the performance of "light work."
 {¶ 20} 4. On July 28, 2003, relator was examined by Harvey A. Popovich, M.D., on behalf of Ernst Enterprises, Inc. ("employer"). In his report, Dr. Popovich wrote:
* * * It is my opinion that Mr. Wheeler is capable of return to gainful employment with restrictions. Mr. Wheeler is capable of driving to and from work, being at work for up to 8 hours a day, and working with the conditions that he not engage in frequent bending and that he not lift, push, or pull more than 35 pounds on a rare basis or 10 pounds on a frequent basis. Additionally, he should not do any crawling.
 {¶ 21} 5. The employer requested that Kimberly L. Goodwin, a vocational expert, prepare a vocational report. In her report, dated September 26, 2003, Ms. Goodwin opined:
Mr. Wheeler has many years of driving experience and while he may be unable to return to work driving a concrete truck, he can use those skills for employment in a different capacity or he can look for other unskilled positions * * *. Many employers can accommodate the need to vary positions or stretch as needed. Both physicians, Dr. Popovich and Dr. Cunningham placed Mr. Wheeler in essentially a Light physical demand level. The T[ransferable] S[kills] A[nalysis] was performed within a Secondary to Light PDL and indicated many jobs compatible with M[r]. Wheeler[']s current physical capacity.
 {¶ 22} 6. Following a February 17, 2004 hearing, a staff hearing officer ("SHO") issued an order denying relator's PTD application. In a lengthy order, the SHO presented alternative bases for denial of the application.
 {¶ 23} 7. Initially, the SHO's order finds that relator voluntarily removed himself from the workforce and, on that basis, the application is denied. In this regard, the SHO's order states in part:
The Injured Worker testified at hearing that he would have continued to work until the age of 65 had he been physically been [sic] able to do so, but as a result of this injury he took an early retirement of years from his union after the surgery. The Injured Worker also applied for early social security retirement benefits. The Injured Worker testified at hearing that he participated in no rehabilitation nor vocational rehabilitation programs. The Injured Worker also testified that he did not look for any other kind of work after his departure from his truck driving position. He indicates that he did not feel that he was able to physically perform any other type of work. Nevertheless, the Injured Worker never made any attempt to find any lighter duty type work or investigate his physical capability of performing any other type of work activity. The
Injured Worker simply took his regular retire-ment benefits, albeit early, and his social security retirement benefits.
* * *
There is no doubt that the Injured Worker was not capable of returning to his former position of employment at the time that he was released from care by Dr. Lin, and Temporary Total Disability Compensation Benefits were terminated. However, there is no indication in any of the reliable medical evidence that would indicate that the Injured Worker could not perform some type of sustained renumerative [sic] employment. Therefore, this Staff Hearing Officer finds that the early nondisability retirement, the receipt of Social Security Retirement Benefits, and the Injured Worker's failure to seek any other type of employment, demonstrates an intention to leave the labor force. The Supreme Court has upheld this analysis in McAtee vs. Ind. Comm. (1996), 76 Ohio St. 3d 648. Therefore, though the Injured Worker's retirement from his former position of employment may not necessarily [have] been voluntary, there is again no reliable medical evidence that indicates he could not perform sustained renumerative [sic] employment. Therefore, his lack of search for other type of work, no attempt at basic skill building, or on the job training, renders the Claimant ineligible for Permanent and Total Disability Benefits.
 {¶ 24} 8. The paragraph immediately following the above states:
In the alternative, even if the retirement and lack of job search is not found to be a bar to permanent and total disability benefits, this Staff Hearing Officer finds that the Injured Worker is not entitled to permanent and total disability benefits on other bases[.]
 {¶ 25} 9. In the nine paragraphs following the above-quoted paragraph, the commission explains why relator's medical impairments resulting from the industrial injury and the nonmedical factors permit him to return to sustained remunerative employment. The commission initially explains why Dr. Wirebaugh's report is rejected. The commission then discusses the reports of Drs. Cunningham, Popovich and Ms. Goodwin. The commission concludes:
As a result of all of the above, the Staff Hearing Officer finds based on the most restrictive requirements on file supported by reliable evidence, that of Dr. Popovich, plus consideration of the Injured Worker's vocational factors and jobs identified by Ms. Goodwin, the Injured Worker does have the physical and vocational abilities to perform some type of sustained renumerative [sic] employment. * * *
 {¶ 26} 10. Relator moved for reconsideration of the SHO's order of February 17, 2004. On March 26, 2004, the commission mailed an order denying reconsideration.
 {¶ 27} 11. On August 23, 2004, relator, Chester R. Wheeler, filed this mandamus action.
Conclusions of Law:
 {¶ 28} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 29} Ohio Adm. Code 4121-3-34 sets forth the commission's rules for the adjudication of PTD applications. Ohio Adm. Code 4121-3-34(D) sets forth guidelines for the adjudication of PTD applications.
 {¶ 30} Ohio Adm. Code 4121-3-34(D)(1)(d) states:
If, after hearing, the adjudicator finds that the injured worker voluntarily removed himself from the work force, the injured worker shall be found not to be permanently and totally disabled. * * *
Ohio Adm. Code 4121-3-34(D)(2)(b) and (c) state:
(b) If, after hearing, the adjudicator finds that the injured worker, based on the medical impairment resulting from the allowed conditions is unable to return to the former position of employment but may be able to engage in sustained remunerative employment, the non-medical factors shall be considered by the adjudicator.
* * *
(c) If, after hearing and review of relevant vocational evidence and non-medical disability factors, as described in paragraph (D)(2)(b) of this rule the adjudicator finds that the injured worker can return to sustained remunerative employment by using past employment skills or those skills which may be reasonably developed through retraining or through rehabilitation, the injured worker shall be found not to be permanently and totally disabled.
 {¶ 31} In this action, relator challenges the commission's determination that he is able to perform sustained remunerative employment. Relator does not challenge the commission's determination that he is ineligible for PTD compensation because he is found to have voluntarily removed himself from the workforce.
 {¶ 32} Consequently, even if relator can show some flaw with respect to the commission's determination that he is able to perform sustained remunerative employment, this court could not issue a writ of mandamus because the commission's determination that relator voluntarily removed himself from the workforce supports denial of the PTD application. SeeState ex rel. Speelman v. Indus. Comm. (1992), 73 Ohio App.3d 757, 761
(it is not improper for the commission to state alternative grounds for supporting the order); and State ex rel. Andrews v. Indus. Comm.,
Franklin App. No. 03AP-1283, 2004-Ohio-6521.
 {¶ 33} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.